IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **LLOYD B. PHELPS,  AIS # 123774,** | : | |
| **Plaintiff,** | : | |
| vs. | : | CIVIL ACTION 11-0454-CB-C |
| **JODY WISE CAMPBELL,** *et al.*, | : | |
| **Defendants.** | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  After careful consideration, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. Nature of Proceedings.**

   **A. Complaint.   (Doc. 1)**

This action is before the Court for the screening of plaintiff's complaint (Doc. 1) and amended complaint (Doc. 7).  In the complaint, where most of the facts concerning this action are found, plaintiff sues one defendant, Jody Wise Campbell, Clerk of the Circuit Court for Baldwin County, Alabama, for the denial of access to the courts.  (Doc. 1 at 4).   He complains that he served a nonparty subpoena on defendant Campbell to send him a copy of the complaint charging him with first-degree murder, the affidavit in support of the complaint, the arrest warrant, and the indictment, but defendant Campbell refused to send them.   (*Id.* at 3).   Plaintiff

contends that he needs these documents in his habeas case that is pending in Bibb County Circuit Court, CV #2010.65.  (*Id.* at 4-6).  In his habeas case, Judge Wiggins granted defendant Campbell's motion to quash the subpoena for production of documents.  (*Id.* at 2).   A copy of Judge Wiggins' order is attached to the complaint (*id.* at 9), in addition to other exhibits, e.g., defendant's motion to quash, plaintiff's request to defendant for documents, defendant's memorandum in response to the request, and plaintiff's subpoena.  (*Id.* at 6-15).

Defendant Campbell states in her motion to quash that public writings are available in her office from 8:00 a.m. to 4:30 p.m., Monday through Friday, except for holidays.  (*Id.* at 10).  Defendant Campbell advised the state court that case law and statutes do not contemplate that she as custodian would inspect, identify, copy, and mail documents at state expense because that would be shifting a citizen's responsibility to the State.  (*Id.* at 10-11).

For relief, plaintiff states that he needs these documents for his habeas case.  (*Id.* at 6).

**B.  Amended Complaint (Doc. 7).**

In the amended complaint, plaintiff names as defendants Buck Benton, Joe Rizzo, Bobby Stewart, and James Hendrix, the former District Attorney.  (Doc. 7 at 1).  The entirety of the allegations for abuse of process and judicial misconduct against these defendants is set out below as the allegations are brief.  These defendants are being sued "for malicious prosecution, person who shields himself behind a grand jury investigations corruptly or, oppressively brings about a indictment and the prosecution of another maliciously and without probable cause.  Is not less guilty of malicious prosecution that if he had sworn out the warrant in first instance, himself. [sic]"  (*Id.* at 1, 2).   For relief, plaintiff seeks $5 million for his pain and suffering and his release from custody.  (*Id.* at 3, 4).

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) and amended complaint (Doc. 7) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[1] A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 566 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a

---

[1] The frivolity and the failure-to-state-a-claim analysis contained in *Neitzke v. Williams* was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). *Id.* at 1348-49.

complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 791, 710 (11th Cir. 2010) (relying on *Iqbal*, 566 U.S. 662, 129 S.Ct. 1937). Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III. Analysis.**

**A. Claim against Defendant Campbell.**

Plaintiff identifies his claim against defendant Campbell as a denial of access to courts. In order to state a claim for the denial of access to the courts, the decision in *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), requires a prisoner to show that he suffered an injury. *Id.* at 349, 116 S.Ct. at 2179. The injury required to be shown by a prisoner is that he has been frustrated or impeded in prosecuting his conviction's direct appeal, his habeas petition, or his civil rights action that implicates a basic constitutional right,[2] and that his underlying

---

[2] The Eleventh Circuit in *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998), interpreted this statement to include "direct or collateral appeals" of criminal convictions.

4

action was nonfrivolous. *Id.* at 353-54, 116 S.Ct. at 2181-82. "The injury requirement means that the plaintiff must have an underlying cause of action the vindication of which is prevented by the denial of access to the courts." *Cunningham v. District Attorney's Office for Escambia County,* 592 F.3d 1237, 1271 (11th Cir. 2010). The underlying cause of action "must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher v. Harbury*, 536 U.S. 403, 415-16, 122 S.Ct. 2179, 2187, 153 L.Ed.2d 413 (2002). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355, 116 S.Ct. at 2182.

In the present action, plaintiff's underlying habeas action is not shown to be nonfrivolous. Plaintiff provides no information describing the claims that he is presenting to the state court in his habeas case, which is being brought well after his conviction in 1979. (Doc. 1 at 5). Plaintiff merely indicates that he has a pending habeas action in Bibb County for which he needs the records from Baldwin County.[3] Whereas, a search of case law reveals that plaintiff's habeas action in this Court, *Phelps v. Thomas,* CA No. 12-0028-CB-M, 2012 WL 1592950 (S.D. Ala. 2012) (unpublished), challenging his 1979 second-degree murder conviction from Baldwin County, was denied as being barred by the one-year statute of limitations. *Id.* at **2. Thus, the undersigned concludes that plaintiff failed to show that his underlying action is nonfrivolous and,

---

[3] On the Court's form, plaintiff checked off that the writ of habeas corpus was granted. (Doc. 1 at 6). This appears to contradict the fact that he states that he has a pending habeas case for which he needs records from defendant Campbell. No explanation was provided concerning the writ of habeas corpus being granted. In the absence of such an explanation, the Court discounts his representation that the writ has been granted. On the other hand, such a contradiction can give the Court a basis for dismissing the action as frivolous. *Battle v. Central State Hosp.,* 898 F.2d 126, 130 n.3 (11th Cir. 1990) ("[A]llegations that are contradicted by other allegations in the complaint may also constitute grounds for dismissal.").

therefore, he failed to establish the injury required by *Lewis v. Casey, supra*, in order to state a claim for denial of access to the courts. *See Bryant v. Ruvin*, 2012 WL 1759987, at *2 (11th Cir. May 18, 2012) (unpublished) (affirming the *sua sponte* dismissal of an access-to-courts claim in which an injury was not established due to the plaintiff's failure to provide information so the court could determine if the underlying claim was frivolous); *Moore v. Plaster,* 266 F.3d 928, 933 (8th Cir.) (affirming the dismissal of access-to-courts claims because plaintiff made no showing the dismissed underlying actions were nonfrivolous), *cert. denied*, 535 U.S. 1037 (2002).[4]

### B. Claims Against Remaining Defendants.

In the amended complaint (Doc. 7), Buck Benton, Joe Rizzo, Bobby Stewart, and James Hendrix are named as defendants. However, no specific allegations are directed to each defendant. Whereas, in order to state a claim under 42 U.S.C. § 1983, a plaintiff must causally connect a defendant's actions, omissions, customs, or policies to a deprivation of the plaintiff's constitutional or federal rights in order to state a claim under § 1983. *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett,* 689 F.2d 1370, 1380 (11th Cir.), *cert. denied*, 464 U.S. 932 (1983). Plaintiff has not done this. Consequently, plaintiff has failed to state a claim against these defendants.

---

[4] The Court points out to plaintiff that the appropriate way to challenge a state court judge's decision is to seek reconsideration of it or to use the state court appeals process. A § 1983 action in federal district court is not to be used as an appeal of the state court judgment. *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1330 (11th Cir. 2010) ("[L]ower federal courts [are barred] from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced.") (citations and quotation marks omitted); *Nicholson v. Shafe,* 558 F.3d 1266, 1270 (11th Cir. 2009) ("Generally speaking, the *Rooker-Feldman* doctrine bars federal district courts from reviewing state court decisions."); *Casale v. Tillman,* 558 F.3d 1258, 1260 (11th Cir. 2009)("[T]hat task is reserved for state appellate courts or, as a last resort, the United States Supreme Court.").

Further, plaintiff's allegations consist mostly of conclusions unsupported by any facts. Terms and phrases like malicious prosecution, brings about an indictment, without probable cause, abuse of process of law, and judicial misconduct are some of the conclusions that do not satisfy the pleading requirements for a federal complaint. To allege a plausible claim a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 566 U.S. at 678, 129 S.Ct. at1949. That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). This requires plaintiff to make factual allegations that include information in the nature of who, what, when, where, why, and how, which will lead the Court to conclude that the claim shows that the pleader is entitled to relief. As alleged, the amended complaint does not contain factual information showing that plaintiff is entitled relief on his claim as the claim is merely speculative and cannot be said to be a plain statement. Accordingly, the amended complaint fails to state a claim upon which relief can be granted. Moreover, when considering the fact that plaintiff remains incarcerated on the conviction that gives rise to his claim against these defendants and there is no showing of the conviction's invalidation, *inter alia,* the Court concludes that plaintiff's claim is frivolous.

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

7

**DONE** this 22nd day of June, 2012 .

s/ WILLIAM E. CASSADY  
UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable Where Proceedings Tape Recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript,

---

[5] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).